## WILLIAM JOHNSON *v.* THE STATE.

1. ASSAULT WITH INTENT TO MURDER.—Accused was convicted of an assault with intent to murder, on an indictment which, in substance, charged that he (and three others) assaulted one K. and one L. with a bowie knife, being a deadly weapon, and therewith cut K. upon his head and face, and threw L. upon the floor, with the felonious intent then and there to kill and murder the said K. and L. Accused moved in arrest of judgment on the ground that the indictment charged two distinct offenses, to wit, an assault with intent to murder K., and an aggravated assault on L. *Held,* that the motion was properly overruled by the court below. The allegations of the violence and injuries inflicted were surplusage; but they do not vitiate the remaining averments, which positively and sufficiently charge an assault with intent to murder.

2. SAME—EVIDENCE.—One of the assaulted parties, having testified for the state, was asked by the accused if accused "had not repeatedly said he did not intend to kill" the assaulted parties. *Held,* that the question was properly overruled. If intended as part of the *res gestæ,* it should have been limited to the time of the commission of the offense; and, if not intended as *res gestæ,* it was not a competent question for any purpose.

APPEAL from the District Court of Bexar. Tried below before the Hon. JAMES A. WARE.

*Ogden & Ogden,* for the appellant.

*A. J. Peeler,* Assistant Attorney General, for the State.

WINKLER, J.    The appellant and three others were jointly indicted, in the district court for Bexar county, for an assault with intent to kill and murder. The charge is as follows:

" That William Johnson, A. T. Francis, W. H. O'Mealy, and one Murray, on the eighteenth day of the month of

July, in the year of our Lord one thousand eight hundred and seventy-five, in the county of Bexar and state of Texas, unlawfully, willfully, and feloniously did make an assault upon Jacob Koebel and Theodore Loeper, and with a bowie knife which they, the said Wm. Johnson, A. T. Francis, W. H. O'Mealy, and Murray, in their hands then and there had and held, and which knife was then and there a deadly weapon, did cut him, the said Jacob Koebel across his head and face, giving to him, the said Jacob Koebel, a painful and serious cut, gash, wound, and bruise, and did take hold of, and throw down upon the floor, him, the said Theodore Loeper, with the unlawful and felonious intent, on the part of them, the said Wm. Johnson, A. T. Francis, W. H. O'Mealy, and Murray, them, the said Jacob Koebel and Theodore Loeper, then and there to kill and murder, contrary," etc.

On the trial a severance was had, and the appellant, William Johnson, alone was put upon his trial. The jury found him guilty as charged in the indictment, and assessed the penalty at seven years' confinement in the state penitentiary, and from this verdict, and the judgment entered thereon, he has taken an appeal.

The appellant moved the district court to grant him a new trial, and also moved in arrest of judgment; in which latter motion the ground given for arresting the judgment is that the indictment is insufficient to support the judgment, because it charges two separate offenses, namely, an assault with intent to kill Jacob Koebel, and an aggravated assault upon Theodore Loeper. Both these motions were overruled.

As we have read the indictment, we do not believe it is susceptible of this interpretation. It alleges plainly, we think, an assault made upon both Jacob Koebel and Theodore Loeper, in plain and unmistakable language; but, in stating the character of violence used, the pleader mentions

the injury inflicted upon each of the assaulted parties separately, which does not militate against the positive averment that the assault was made on both by a deadly weapon, and the intent with which the assault was made applies to both, as shown by the indictment itself. The specification as to the separate injury inflicted upon each of the assaulted parties might all be stricken out as surplusage, and the indictment would still be a good indictment for an assault with the intent alleged.

We find but one bill of exceptions in the record, which is to the effect that the defendant asked Jacob Koebel, a witness for the state, if the defendants had not repeatedly said that they did not intend to kill them ; which, being objected to by the district attorney, the objection was sustained, and to this ruling the defendant excepted, and presented his bill of exceptions, etc.

We know of no rule of evidence which would have sustained the judge in any other ruling than the one he made. If it was offered as verbal acts made use of at the time as res gestæ, as part of the transaction, the question was inadmissible, because it was not restricted to the time the act was committed. For aught that appears on the face of the bill of exceptions, the statement may as well have been made a week or a month, or even a longer time, either before or after the offense was committed. If not res gestæ, then the statement would have been inadmissible because it would have been manufactured testimony, in the interest of the party accused, by his co-defendants. This disposes of the 6th error assigned.

The 1st, 2d, 3d, 4th, and 8th errors assigned relate to the charges of the court. We do not feel called upon by those assignments of error to do more than to say that, in our opinion, the charge, as given by the judge, appears to be eminently proper under the evidence, and not calculated to mislead the jury.

The only remaining error assigned is that the court erred in overruling the defendant's motion for new trial. The only cause for granting a new trial, not included in the foregoing, is this : that the verdict of the jury is contrary to the law and the evidence. On this subject we can only say that the evidence abundantly sustains the verdict and the charge in the indictment.

The main charge of the judge seems applicable to the facts as detailed in evidence ; and the more prominent parts, it is believed, must have been sufficiently clear and explicit to have prevented the jury from being misled by any portion of the charge on the points which have been criticised by the defendant. No injustice appears, from the record, of which the appellant is in condition to complain ; none has been pointed out by the counsel in his able brief, and we are not prepared to say that the results of the trial have not been visited on the accused by due process of law.

The judgment is, therefore, affirmed.

*Judgment affirmed.*